FILED BY KMF D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE 05 NOV 17 PM 4:49
WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TENN. MEMPHIS

| | | |
|---|---|---|
| JANE DOE #1, by and through her next friend (mother, Jane Doe #2) and JANE DOE #2, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 04-2283 Ma/P |
| GLYNN FAULKNER, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ON DEFENDANT GLYNN FAULKNER'S PENDING MOTIONS IN LIMINE**

Plaintiffs allege that Plaintiff Jane Doe #1 ("Doe #1"), a minor student at Kirby High School ("KHS"), was sexually abused by one of her instructors, Danny Peterson ("Peterson"). Defendant Glynn Faulkner ("Faulkner"), the band director at KHS and Peterson's immediate supervisor, is the only remaining defendant in this case, and the only remaining cause of action against him arises under 42 U.S.C. § 1983.

Before the court are four motions in limine filed on August 3, 2005 by Defendant Glynn Faulkner. The motions are: (1) to exclude from evidence any videotape of news programs about the sexual contact between Doe #1 and Peterson; (2) to exclude from evidence and argument any and all reference to alleged disciplinary actions taken against Faulkner by the Memphis City

1

Schools; (3) to exclude from evidence and argument any and all reference to alleged rumors which may have existed about alleged sexual contact between Doe #1 and Peterson; and (4) to exclude from evidence expert testimony about the emotional and/or psychological damage to plaintiffs. Faulkner filed a second motion in limine on September 8, 2005, to exclude from evidence expert testimony about the emotional and/or psychological damage to plaintiffs. Plaintiffs Doe #1 and Jane Doe #2 ("Doe #2") filed a consolidated response to Faulkner's August 3, 2005, motions in limine on September 9, 2005. No response has been filed to Faulkner's September 8, 2005, motion in limine.

## I. Motion to Exclude Videotape

Faulkner seeks to exclude a videotape of a news program discussing sexual contact between Doe #1 and Peterson because, despite Faulkner's making the appropriate request for all videos during discovery, Plaintiffs only supplied Faulkner with a receipt from the purchase of the video, not with the video itself. Furthermore, Faulkner claims that the introduction of the videotape would be needlessly cumulative. Because Plaintiffs have no objection to the exclusion of the videotape, Defendant's motion is granted.

## II. Motion to Exclude Reference to Alleged Disciplinary Action

While working at Melrose High School ("MHS") before he was transferred to KHS, Faulkner received disciplinary citations in

2

September 1998 for failure to provide essential employment documents, in March 2000 for failure to comply with guidelines for submitting monies and receipts, and in March 2001 for failure to handle student discipline and insubordination properly. Faulkner argues that these citations should be excluded from evidence because they are not relevant to Plaintiffs' claim, as required under Fed. R. Evid. 401. He also argues that, even if the evidence is relevant, it should be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues or under Rule 404(b) because it is character evidence being offered to show action in conformity therewith.

In their response, Plaintiffs assert that the evidence is relevant to impeach Faulkner's credibility and, therefore, is admissible under Rule 608(b). Plaintiffs argue that this evidence shows a history of misconduct and also that the evidence contradicts Faulkner's response to Item 9 in Plaintiffs' First Requests for Admission, where he denied being transferred from MHS for misconduct. Plaintiffs apparently concede that the evidence is not relevant other than to impeach Faulkner's credibility and, therefore, not admissible for other purposes.

Plaintiffs' claim that the evidence shows a general history of misconduct is not sufficient for admissibility under Rule 608(b), which requires that character evidence of specific

3

instances of conduct can only be admitted to show a witness'
character for truthfulness or untruthfulness.   Furthermore, that
Faulkner received a handful of citations spread among several
years does not prove that he was transferred from MHS for
misconduct.   Because the evidence would not show that Faulkner
was transferred from MHS for misconduct, it would not contradict
his response to Item 9 and would not be admissible for
impeachment.   Therefore, Faulkner's motion is granted.

## III. Motion to Exclude Rumors

Faulkner seeks to exclude evidence of rumors at KHS about
the sexual relationship between Doe #1 and Peterson under Fed. R.
Evid. 802, which excludes hearsay not falling within any
exception.   Under Rule 801(c), "'[h]earsay' is a statement, other
than one made by the declarant while testifying at the trial or
hearing, offered in evidence to prove the truth of the matter
asserted."   The evidence at issue in Faulkner's motion, however,
is not being offered to prove the truth of the matter asserted,
that there was a sexual relationship between Doe #1 and Peterson,
but to show that Faulkner was aware of that relationship.   The
evidence, therefore, is not hearsay.

Nevertheless, the evidence is not admissible because there
is no evidence that Faulkner was actually aware of the rumors or
that he should have been aware of them.   Therefore, to the extent
that the rumors have any probative value at all, that value is

4

greatly outweighed by the danger of unfair prejudice to Faulkner and considerations of judicial economy. Faulkner's motion to exclude evidence of rumors is granted.

## IV. Motion to Exclude Expert Testimony

Faulkner filed two motions in limine seeking to exclude expert testimony about emotional or psychological damage to either of the plaintiffs. Plaintiffs have informed the court that they do not intend to call any expert witnesses, but only to introduce into evidence medical records from the Memphis Sexual Assault Resource Center ("MSARC"). In Faulkner's September 8, 2005, motion in limine, he asserts that Plaintiffs did not hand over the full records of Doe #1's treatment at MSARC. They only supplied Faulkner with the initial evaluation documents although Doe #1 visited MSARC several times and Faulkner made repeated requests for the entire record of Doe #1's treatment.

Faulkner's August 3, 2005, motion on this issue is moot because the arguments in that motion relate only to the Plaintiffs' state law claims, and the court has already granted summary judgment in favor of Faulkner on those claims. In the Joint Pre-trial Order, however, Plaintiffs indicate that they still intend to present the records of Doe #1's treatment at MSARC. Therefore, the arguments in Faulkner's September 8, 2005, motion as to Plaintiffs' incomplete disclosure are not moot.

Plaintiffs' failure to disclose the complete records of Doe

5

#1's medical treatment in response to Faulkner's requests, to move for a protective order as to the undisclosed portion of the record, or otherwise to object to Faulkner's requests affects the admissibility of the portion of Doe #1's medical records that were disclosed. Plaintiffs cannot choose a portion of the medical records that is favorable to their case and disclose only that portion while refusing to disclose the rest of the records. It is possible that the remaining records would not be useful to Faulkner or would merely repeat the information provided in the initial evaluation of Doe #1. Because those documents have not been provided, however, neither Faulkner nor the court can know the importance of the undisclosed portion of the medical records. Therefore, the court grants Faulkner's motion to exclude the records from MSARC because of Plaintiffs' failure to provide complete disclosure.

## V. Conclusion

Faulkner's motion in limine to exclude from evidence any videotape of news programs regarding the sexual contact between Jane Doe #1 and Danny Peterson is GRANTED.

Faulkner's motion in limine to exclude from evidence and argument any and all reference to alleged disciplinary actions taken against Glynn Faulkner by the Memphis City Schools is GRANTED.

Faulkner's motion in limine to exclude from evidence and

argument any and all reference to alleged rumors which may have existed about alleged sexual contact between Jane Doe #1 and Danny Peterson is GRANTED.

Faulkner's August 3, 2005, motion in limine to exclude from evidence expert testimony about the emotional and/or psychological damage to plaintiffs is DENIED as moot.

Faulkner's September 8, 2005, motion in limine to exclude from evidence expert testimony about the emotional and/or psychological damage to plaintiffs for failure to comply with discovery under Rule 26 is GRANTED.

So ordered this ___ day of November 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 98 in case 2:04-CV-02283 was distributed by fax, mail, or direct printing on November 18, 2005 to the parties listed.

---

Geoffrey Gaia
McWHIRTER WYATT & ELDER
73 Union Ave.
Memphis, TN 38103

Joe L. Wyatt
McWHIRTER WYATT & ELDER
73 Union Ave.
Memphis, TN 38103

William T. Winchester
THE LAW OFFICES OF WILLIAM T. WINCHESTER
2600 Poplar Ave.
Ste. 507
Memphis, TN 38112

Ernest G. Kelly
STOKES BARTHOLOMEW EVANS & PETREE, P.A.
1000 Ridgeway Loop Rd.
Ste. 200
Memphis, TN 38120

Honorable Samuel Mays
US DISTRICT COURT