IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 NOV 23 AM 8: 07
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF MEMPHIS

JANE DOE, #1, by and through her next
friend (mother), JANE DOE #2, and
JANE DOE #2,

    Plaintiffs,

Vs.                                                No. 04-2283-MaP

GLYNN FAULKNER,

    Defendant.

## JOINT PRE-TRIAL ORDER

This matter came on before the Honorable Samuel Mays, United States District Judge, at a pre-trial conference held November 9, 2005, pursuant to Rule 16 of the Federal Rules of Civil Procedure, from which it was determined as follows:

### I. THE PARTIES

The following parties remain in the case as of the date of the filing of this document:

1.    The plaintiff, Jane Doe #1 by and through her next friend (mother, Jane Doe #2), and Jane Doe #2.

2.    The defendant, Glynn Faulkner.

3.    The defendant, Danny Peterson. A default judgment has been rendered against said defendant. Still remaining to be determined is the amount of damages.

4.    Defendants Memphis City Schools, Bob Archer, and Tommy Killough. Summary Judgment has been rendered in favor of said defendants. Said summary

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 11-28-05

judgments have not been certified as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## II.  APPEARANCES

1. For the plaintiffs:

    William T. Winchester
    2600 Poplar Avenue, Suite 507
    Memphis, Tennessee  38112

2. For the defendant, Glynn Faulkner:

    Joe Lee Wyatt
    Geoffrey Gaia
    73 Union Avenue
    Memphis, Tennessee  38103

## III.  JURISDICTION

The Court's subject matter jurisdiction is based on 28 U.S.C. §1331 because of plaintiffs' contention of violation by defendants of 20 U.S.C. §1681 (Title IX) and 42 U.S.C. §1983.

## IV.  PENDING MOTIONS

1. The Motion in Limine of defendant, Glynn Faulkner, to exclude from evidence and argument any and all references to alleged rumors which may have existed regarding alleged sexual contact between Jane Doe #1 and Danny Peterson which was filed August 3, 2005.

2. The Motion in Limine of defendant, Glynn Faulkner, to exclude from evidence and argument any and all reference to alleged disciplinary actions taken against defendant, Glynn Faulkner, by the Memphis City Schools which was filed August 3, 2005.

3. The Motion in Limine of defendant, Glynn Faulkner, to exclude from evidence any videotape of news programs regarding the sexual contact between Jane Doe #1 and defendant, Danny Peterson, which was filed August 3, 2005.

4. The Motion in Limine of defendant, Glynn Faulkner, to exclude from evidence expert testimony regarding the emotional and/or psychological damage to plaintiffs, which was filed on August 3, 2005.

5. The Motion in Limine of defendant, Glynn Faulkner, to exclude from evidence expert testimony regarding the emotional and/or psychological damage to plaintiffs based upon failure to comply with discovery under Rule 26, which was filed on September 8, 2005.

## V. CONTENTIONS OF PLAINTIFF

It is contended by plaintiffs through the stated facts in the Complaint and through discovery responses that Peterson was not an employee of the City School system and, therefore, received no compensation from the City. Compensation, if any, came from the school's band booster group. Plaintiff, Jane Doe #1, then a minor, was a member fo the Kirby High School band. It is alleged that Danny Peterson, between November 2002 and January 2003, drove plaintiff, Jane Doe #1, from the school to area motels during school hours, where they allegedly engaged in sexual activities. Peterson never signed plaintiff, Jane Doe #1, out to leave campus. It is contended by plaintiffs that defendant, Glynn Faulkner, the Kirby High School band director, knew that Peterson was taking plaintiff, Jane Doe #1, off campus during school hours.

It is alleged that on May 27, 2003, Peterson harassed plaintiff, Jane Doe #1, in the Kirby High School band room after school and as a consequence the existence of the illicit relationship was revealed. On or about May 30, 2003, plaintiff, Jane Doe #2 (Jane Doe #1's mother) learned of Peterson's conduct and contacted Thomas Killough, principal of Kirby High School. Principal Thomas Killough pulled Jane Doe #1's attendance records which showed numerous unexcused absences about which Kirby High School had never notified Jane Doe #1's mother.

## VI. DEFENDANT'S CONTENTIONS

That defendant, Glynn Faulkner, was unaware of any relationship between plaintiff, Jane Doe #1, and Peterson which would give rise to liability under 42 U.S.C. §1983 or 20 U.S.C. §1681.

Defendant, Glynn Faulkner, denies that he has done anything to violate plaintiffs' rights under federal law.

## VII. CONTENTIONS ON DAMAGES AND LIABILITY

Plaintiffs seek as damages against the defendant, Glynn Faulkner, in the amount of $1,000,000.00 (one million dollars) in compensatory, statutory, and punitive damages, plus reasonable attorneys' fees.

Defendant denies that plaintiff is entitled to damages. More importantly, if plaintiff meets her burden of proof as to the issues of liability, plaintiff's damages are very limited.

As to medical expenses incurred for treatment of injuries alleged to have been sustained, plaintiff has presented a bill for $20.00 (twenty dollars) co-pay to EAP for psychological counseling.

As to the treatment for emotional and psychological injuries, plaintiff has failed to meet the proof requirements of Camper v. Minor, 915 S.W.2d 437 (Tenn. 1996). Therefore, plaintiff is unable to prove an essential element of their case and their claims should be denied.

As reflected in the Contested Issues of Law section, defendant, Glynn Faulkner, asserts that plaintiffs failed to mitigate their damages by seeking extensive psychological treatment and counseling beyond that outlined above.

## VIII. UNCONTESTED FACTS

1. Jane Doe #1 is a minor who was a student at Kirby High School in Memphis, Shelby County, Tennessee.

2. Jane Doe #2 is the mother of Jane Doe #1.

3. Glynn Faulkner is the band director at Kirby High School located in Memphis, Shelby County, Tennessee, and Glynn Faulkner is in a paid position through the Memphis City Schools.

4. Danny Peterson was a volunteer drum instructor at Kirby High School and he was not paid by the Memphis City Schools.

5. Kirby High School is a part of the Memphis City Schools, which is a public school system that receives federal, state, county, and city funding.

6. On or about August 10, 2004, Peterson pled guilty in the Criminal Court of Shelby County, Tennessee to the Statutory Rape of Jane Doe #1.

7. During the period from November 2002 to January 2003, Peterson took Jane Doe #1 off campus to area motels, where he engaged in sexual activities with Jane Doe #1. Peterson never signed Jane Doe #1 out to leave campus.

8. On or about May 30, 2003, Jane Doe #2, Jane Doe #1's mother, learned of Peterson's activities. Jane Doe #2 reported the situation to Faulkner.

9. Defendant Faulkner provided a statement in his initial disclosures that Peterson "came to work almost everyday being drop [sic] off by his father about 12:45 p.m."

10. Dr. Carol Johnson, Superintendent of MCS, testified in her deposition on March 8, 2005, that:

   a. She was aware of "mandatory reporting laws that require people who work in schools to report any incidents" of sexual abuse or sexual misconduct.

   b. "Teachers are expected to notify the office that a student is chronically absent." Further, that parents are supposed to be notified by letter of "many" unexcused absences.

   c. Volunteers at MCS have limited authority to "tell a student what that student can and cannot do."

   d. Volunteers with the band are supervised by the band director.

   e. The band director's supervisor is the principal of the school.

   f. The school principal has ultimate responsibility for what goes on in his or her building.

## IX.  CONTESTED FACTS

1.  Whether Glynn Faulkner had knowledge of the sexual relationship between Jane Doe #1 and Danny Peterson at any time during November 2002 and January 2003?

2.  Whether Glynn Faulkner knew that Jane Doe #1 was leaving the Kirby High campus through the band room exit?

3.  Whether Jane Doe #1 suffered physical, emotional, and psychological injuries as a proximate result of any acts or omissions of Glynn Faulkner?

4.  Whether Jane Doe #1's teacher for her class that met after lunch (geometry) was aware that Jane Doe #1 had many absences from said class, but took no action?

5.  Whether MCS personnel records of defendant, Glynn Faulkner, show that on March 13, 2000, he was issued a disciplinary warning regarding failure to comply with MCS guidelines for submitting monies and receipts; on March 16, 2000, he was given a verbal warning regarding violations of guidelines regarding monies and receipts at Melrose High School; and on March 8, 2001, he was disciplined for insubordination, lack of professional judgment, and improper control of student discipline problems at Melrose High School?

6.  Whether MCS Board Policy #1234, School Volunteers, adopted March 1, 1993, revised October 31, 2003 and April 19, 2004, which states that "principals or supervisors must require a background check for volunteers who work alone with children on a consistent and ongoing basis. They may, at their discretion, consider a background check for volunteers who work with children in the presence of school personnel . . . principals and administrators are responsible for coordination and supervision of volunteers . . . the Department of Human Resources is responsible for coordinating background checks on volunteers . . . the school principal or administrator must maintain a

daily roster of all individuals who enter and leave the school or administrative offices to perform volunteer activities", was in effect at the times material to this lawsuit?

7. Whether plaintiffs are entitled to compensatory damages?

8. Whether plaintiffs are entitled to punitive damages?

## X. CONTESTED ISSUES OF LAW

1. Whether plaintiffs have failed to establish essential elements of a cause of action against defendant, Glynn Faulkner, pursuant to 42 U.S.C. §1983?

2. Whether plaintiffs have failed to establish essential elements of a cause of action against defendant, Glynn Faulkner, pursuant to 20 U.S.C. §1681?

3. Whether plaintiffs have failed to establish an equal protection claim as a matter of law?

4. Whether plaintiffs have failed to establish a substantive due process claim as a matter of law?

5. Whether plaintiffs have demonstrated that they utilized available state procedures to obtain just compensation?

6. Whether plaintiffs have failed to mitigate their damages, if any?

7. Whether plaintiffs have sustained any injuries as a proximate result of any act(s) of defendant, Glynn Faulkner?

8. Whether plaintiffs are entitled to recover from non-state actors for U.S.C. §1983 civil rights claims?

9. Whether plaintiffs' attorney is entitled to attorneys' fees?

## XI. EXHIBITS

1. Criminal Court judgment of Defendant Peterson's guilty plea to statutory rape of plaintiff, Jane Doe #1. Faulkner objects to introduction of this as evidence based upon its relevance to Faulkner's knowledge of the sexual assaults.

2. MCS Personnel records of Tommy Killough. Faulkner objects to introduction of this as evidence based upon its relevance since Killough is no longer a party to this lawsuit.

3. MCS Personnel records of Glynn Faulkner. Faulkner objects to introduction of this as evidence based upon its relevance and relies upon its Motion in Limine filed in this cause.

4. Deposition of Dr. Carol Johnson. Faulkner objects to introduction of this as evidence based upon its relevance since MCS is no longer a party to the lawsuit and Dr. Johnson has been listed as a witness.

5. Attendance chart of Jane Doe #1.

6. Order of Protection against defendant Peterson. Faulkner objects to introduction of this as evidence based upon its relevance to Faulkner's knowledge of the sexual assaults.

7. MCS Board Policy #1234, School Volunteers. Faulkner objects to introduction of this as evidence based upon its relevance to Faulkner's knowledge of the sexual assaults and also that this was not the policy of MCS at the time of this occurrence.

8. Jane Doe #1's records from MSARC. Faulkner objects to introduction of this as evidence based upon his Motions in Limine regarding these records.

9. Each party reserves the right to introduce exhibits identified by the other party. Each part reserves the right to introduce, subject to standard objections of relevancy and authentication, additional exhibits for impeachment or rebuttal purposes.

## XII. WITNESSES

1. Witnesses to be called by plaintiffs:

   a. Jane Doe #1;

   b. Jane Doe #2;

   c. Glynn Faulkner;

   d. Dr. Carol Johnson; and

   e. Tommy Killough.

Plaintiff may call:

   a. Detective I. Beck, Memphis Police Department;

   b. Belinda Crutcher, psychologist;

   c. R.A. Copeland, R.N.;

   d. Leticia Brown;

   e. Sequira Hammer;

   f. Nia Tate; and

   g. Danny Peterson

2. Witnesses to be called by defendant, Glynn Faulkner:

   a. Glynn Faulkner; and

   b. Tommy Killough.

Defendant, Glynn Faulkner, may call:

      a.    Roosevelt Hancock;

      b.    Thelma Crivins, or her designee at MCS Office of Planning and Policy Development; and

      c.    Anthony Sutton, Jane Doe #1's fifth period teacher, Kirby High School, 2002-03.

3. Each party reserves the right to call witnesses named by the other party. Each party reserves the right to call additional witnesses solely for impeachment or rebuttal purposes.

## XIII. TRIAL BY COURT OR JURY

Plaintiffs' federal claims will be tried by a jury.

Entered this 21st day of November, 2005.

_____
HONORABLE SAMUEL MAYS
UNITED STATES DISTRICT JUDGE

DATE:_____

APPROVED FOR ENTRY:

_____
WILLIAM T. WINCHESTER, #21282
Attorney for Plaintiffs, Jane Doe #1 and Jane Doe #2
2600 Poplar Avenue, Suite 507
Memphis, Tennessee 38112-3835
(901) 327-6668


McWHIRTER, WYATT, & ELDER
Attorneys for Defendant, Glynn Faulkner
73 Union Avenue
Memphis, Tennessee 38103
(901) 522-1813

BY: _____
JOE LEE WYATT, #5914
GEOFFREY GAIA, #17364

-12-

**UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE**



# Notice of Distribution

This notice confirms a copy of the document docketed as number 102 in case 2:04-CV-02283 was distributed by fax, mail, or direct printing on November 28, 2005 to the parties listed.

---

Geoffrey Gaia
McWHIRTER WYATT & ELDER
73 Union Ave.
Memphis, TN 38103

Ernest G. Kelly
STOKES BARTHOLOMEW EVANS & PETREE, P.A.
1000 Ridgeway Loop Rd.
Ste. 200
Memphis, TN 38120

Joe L. Wyatt
McWHIRTER WYATT & ELDER
73 Union Ave.
Memphis, TN 38103

William T. Winchester
THE LAW OFFICES OF WILLIAM T. WINCHESTER
2600 Poplar Ave.
Ste. 507
Memphis, TN 38112

Honorable Samuel Mays
US DISTRICT COURT